**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NESTOR JAMIE ALVAREZ-MEDINA, | No. 07-73270 |
| Petitioner, | Agency No. A092-219-701 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

Nestor Jamie Alvarez-Medina, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for adjustment

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

IH/Research

of status. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir. 2000), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's decision to deny Alvarez-Medina's application for a waiver of inadmissibility under § 212(h) of the Immigration and Naturalization Act. *See Mejia v. Gonzales*, 499 F.3d 991, 999 (9th Cir. 2007) (8 U.S.C. § 1252(a)(2)(B)(i) precludes the court from reviewing the agency's decision under § 212(h)).

Alvarez-Medina's contention that the IJ applied the incorrect standard in evaluating his § 212(h) application fails because he does not raise a colorable due process challenge on these facts. *See Torres-Aguilar v. INS*, 246 F.3d 1267, 1270-71 (9th Cir. 2001) ("To be colorable ... the claim must have some possible validity"); *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995) (any error committed by the IJ will be rendered harmless by the BIA's application of the correct legal standard).

Alvarez-Medina's contention that the BIA violated his due process rights by relying on the IJ's January 31, 2006, written decision in denying his appeal is

unpersuasive.  *See Lata*, 204 F.3d at 1246 (requiring error and prejudice to prevail on due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**